## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1) KIMBERLE THOMPSON and )
2) JUANITA HILL, as Co-Administrators of the )
3) Estate of BENNIE JOE EDWARDS, deceased )
                                  )
    Plaintiffs, )
                                  )   Case No. CIV-21-1133-JD
v. )
                                  )   **JURY TRIAL**
1) SERGEANT KEITH DUROY; 2) )   **DEMANDED**
SERGEANT CLIFFORD HOLMAN; and the 3) )
CITY OF OKLAHOMA CITY )
                                  )
    Defendants. )

## ANSWER OF DEFENDANT CITY OF OKLAHOMA CITY

COMES NOW a Defendant, City of Oklahoma City ("City"), and for its Answer to the Amended Complaint of Plaintiffs filed herein, alleges and states as follows:

1.     Paragraph one does not contain any allegations and therefore does not require a response and is Plaintiffs' demand for a jury trial.

2.     City denies paragraph 2.

3.     City denies paragraph 3. Plaintiffs are not entitled to punitive damages against the City of Oklahoma City.

4.     City denies paragraph 4.

5.     Paragraph 5 contains a statement of law and no allegations against the City. To the extent this paragraph does contain allegations against the City, the City denies this paragraph as written.

6.      Paragraph 6 contains a statement of law and no allegations against the City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

7.      Paragraph 7 does not contain allegations against the City.  To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

8.      Paragraph 8 does not contain allegations against the City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

9.      City admits paragraph 9 to the extent that the City of Oklahoma City is a political subdivision of the State of Oklahoma; otherwise, this paragraph is denied as written.

10.     Paragraph 10 is denied as written.

11.     Paragraph 11 is admitted only to the extent that Defendants Duroy and Holman were employees of the City of Oklahoma City; otherwise, this paragraph is denied as written.

12.     Paragraph 12 does not contain allegations against the City. To the extent this paragraph does contain allegations against the City, this paragraph is admitted to the extent that Defendant Duroy was employed as a police officer by the City of Oklahoma City on December 11, 2020; otherwise, this paragraph is denied as written.  Further, 28 USC §1983 does not exist.

13.     Paragraph 13 does not contain allegations against the City. To the extent this paragraph does contain allegations against the City, this paragraph is admitted to the extent that Defendant Holman was employed as a police officer by the City of Oklahoma City on December 11, 2020; otherwise, this paragraph is denied as written.  Further, 28 USC §1983 does not exist.

14.     City admits paragraph 14 only to the extent that Defendants Duroy and Holman were employed by the City and were acting within the course and scope of their employment; otherwise, this paragraph is denied as written.

15.     Paragraph 15 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

16.     Paragraph 16 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

17.     Paragraph 17 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

18.     Paragraph 18 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

19.     Paragraph 19 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

20.     Paragraph 20 is admitted to the extent that Oklahoma City Police Officers responded to a call involving Bennie Edwards on December 11, 2020; otherwise, it is denied as written.

21.     Paragraph 21 does not contain allegations against City. To the extent this paragraph does contain allegations against the City, the City is without sufficient information to admit or deny this paragraph; therefore, it is denied.

22.     Paragraph 22 is admitted to the extent that Defendant Duroy encountered Edwards with a knife in his hands at the scene; otherwise, City is without sufficient information to admit or deny the remainder of this paragraph, and the remainder is denied.

23.     City is without sufficient information to admit or deny paragraph 23; therefore, it is denied.

24.     Admitted.

25.     City is without sufficient information to admit or deny paragraph 25; therefore, it is denied.

26.     Denied as written.

27.     Denied.

28.     Denied.

29.     City denies paragraph 29 to the extent that "although body worn camera shows that Mr. Edwards had walked away of his own volition and returned to his

possession on the sidewalk at the time Defendant DUROY made this statement." The

remainder is admitted.

30.    Denied.

31.    Denied.

32.    Denied.

33.    City is without sufficient information to admit or deny paragraph 33;

therefore, it is denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied as written.

38.    Denied as written.

39.    Paragraph 39 is admitted only to the extent that someone on the body worn

camera is heard saying, "we don't know;" otherwise, City is without sufficient information

to admit or deny this paragraph. It is therefore denied.

40.    Denied.

41.    Denied as written.

42.    Denied as written.

43.    Denied as written.

44.    Denied as written.

45.    Paragraph 45 is admitted only to the extent that an Oklahoma City Police

Officer deployed a use of force involving Bennie Edwards on December 11, 2020;

otherwise, the City is without sufficient information to admit or deny paragraph, and it is therefore denied.

46.     Paragraph 46 is admitted only to the extent that an Oklahoma City Police Officer deployed a use of force involving Bennie Edwards on December 11, 2020; otherwise, the City is without sufficient information to admit or deny paragraph, and it is therefore denied.

47.     Denied.

48.     Denied as written.

49.     Paragraph 49 is admitted only to the extent that an Oklahoma City Police Officer deployed a use of force involving Bennie Edwards on December 11, 2020; otherwise, the City is without sufficient information to admit or deny paragraph, and it is therefore denied.

50.     Denied.

51.     Denied.

52.     City is without sufficient information to admit or deny paragraph 52; therefore it is denied as written.

53.     Paragraph 53 is admitted only to the extent that an Oklahoma City Police Officer deployed a use of force involving Bennie Edwards on December 11, 2020; otherwise, the City is without sufficient information to admit or deny paragraph, and it is therefore denied.

54.     Denied.

55.     Denied.

56.    Denied.

57.    Paragraph 57 is admitted only to the extent that Edwards fell and was lying face-up with bullet wounds; denied as to the word "obvious."

58.    Denied as written.

59.    Denied.

60.    Paragraph 60 does not contain allegations against the City. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny this paragraph, and it is therefore denied.

61.    Paragraph 61 does not contain allegations against the City. To the extent this paragraph contains allegations against the City, the City is without sufficient information to admit or deny this paragraph, and it is therefore denied.

62.    Denied.

63.    Denied.

64.    Denied as written.

65.    City admits Edwards died, but denies the remainder of paragraph 65 as written.

66.    Paragraph 66 does not contain allegations against the City. To the extent this paragraph is alleged against the City, it is denied.

67.    Paragraph 67 does not contain allegations against the City. To the extent this paragraph is alleged against the City, it is denied.

68.    City admits paragraph 68 to the extent that Defendants Duroy and Holman were employees of the City of Oklahoma City; otherwise, it is denied as written.

69.    This paragraph does not contain allegations against Defendant City. To the extent that it is alleged against the City, it is admitted only to the extent that criminal charges have been filed against Holman related to this subject incident. Otherwise, this paragraph is denied as written.

70.    City is without sufficient information to admit or deny paragraph 70; therefore, it is denied as written.

71.    City is without sufficient information to admit or deny paragraph 71; therefore, it is denied as written.

72.    City is without sufficient information to admit or deny paragraph 72; therefore, it is denied as written.

73.    City is without sufficient information to admit or deny paragraph 73; therefore, it is denied as written.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    City admits paragraph 78 only to the extent that the City of Oklahoma City Police Department has procedures related to mental illness; otherwise, denied as written.

79.    City admits paragraph 79 only to the extent that it is an accurate recitation of an excerpt of an Oklahoma City Police Department Procedure; otherwise, it is denied as written.

80.     City admits paragraph 80 only to the extent that it is an accurate recitation of an excerpt of an Oklahoma City Police Department Procedure; otherwise, it is denied as written.

81.     City admits paragraph 81 only to the extent that it is an accurate recitation of an excerpt of an Oklahoma City Police Department Procedure; otherwise, it is denied as written.

82.     Paragraph 82 is admitted to the extent that the CIT program exists and is not mandatory; otherwise, it is denied as written.

83.     The City is without sufficient information to admit or deny paragraph 83; therefore, it is denied.

84.     The City is without sufficient information to admit or deny paragraph 84; therefore, it is denied.

85.     Denied.

86.     The City hereby incorporates by reference all preceding paragraph as though fully answered and responded to herein.

87.     Paragraph 87 is not alleged against the City. To the extent that it is alleged against the City, it is admitted only to the extent that Defendants Duroy and Holman were employees of the City of Oklahoma City and acting within the course and scope of their employment (as previously and hereinafter pled); otherwise, it is denied.

88.     Paragraph 88 is not alleged against the City. To the extent that it is alleged against the City, it is denied as written.

89.    Paragraph 89 and its subparts "a" through "c" are not alleged against the City. To the extent that they are alleged against the City, they are denied.

90.    Paragraph 90 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

91.    Paragraph 91 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

92.    Paragraph 92 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

93.    Paragraph 93 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

94.    Paragraph 94 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

95.    Paragraph 95 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

96.    Paragraph 96 is not alleged against the City. To the extent that it is alleged against the City, it is denied.

97.    Paragraph 97 and its subparts "a" through "g" are not alleged against the City. To the extent that they alleged against the City, they are denied.  Punitive damages cannot be recovered against the City.   Further, to the extent its pled against the City, the City denies the prayer for relief on page 14 of the Amended Complaint.

98.    The City hereby incorporates by reference all preceding paragraph as though fully answered and responded to herein.

99.    Denied.

100.    City admits paragraph 100 only to the extent that Defendants Duroy and Holman were employed by the City of Oklahoma Police Department and were acting within the Course and Scope of their employment; otherwise, this paragraph is denied as written.

101.    Denied as written.    City Council is the final policymaker for the City of Oklahoma City.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.  The City also denies the prayer for relief on page 17 of the Amended Complaint.

111.    The City hereby incorporates by reference all preceding paragraph as though fully answered and responded to herein.

112.    Denied.

113.    City admits paragraph 113 only to the extent that arrests, uses of force, and responding to mental health crises are recurring situations; otherwise, denied as written.

114.   Denied as written.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.   City further denies the prayer for relief on pages 18-19 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

COMES NOW a Defendant, City of Oklahoma City, and for its Affirmative Defenses states as follows:

1.   Plaintiffs' Petition fails to state a claim upon which relief can be granted under state or federal law.

2.   That the conduct of Bennie Edwards caused or contributed to his alleged injuries and alleged damages

3.   That all relevant OCPD training and its policies, procedures, rules and/or customs are constitutional and not the cause of Bennie Edwards' alleged injuries and alleged damages.

4.   That the OCPD training on the use of deadly force and its training has been repeatedly upheld by Courts in this District and by the 10th Circuit Court of Appeals.

5.      The City is not responsible for the criminal conduct of third parties who caused the injuries and damages sustained by Bennie Edwards.

6.      The contributory negligence of Bennie Edwards was the intervening/supervening cause of his injuries and damages.

7.      Plaintiffs' damages are limited or barred by the Oklahoma Governmental Torts Claim Act.

8.      Defendant City is exempt from liability pursuant to the Oklahoma Governmental Tort Claims Act.

9.      Any *de facto* policies alleged by Plaintiffs to be the policies of the City in regard to this matter are not the policies of the City.

10.     The individual officer defendants' uses of force in this matter was constitutional and consistent with the policies and training of the Defendant City.

11.     The individual officer defendants' uses of force were reasonable and necessary consistence with the escalating and threatening behavior of Bennie Edwards.

12.     Allegations against the individual officers are improper.

13.     The criminal acts of Bennie Edwards are the direct cause of his injuries and subsequent death.

14.     The criminal acts of Bennie Edwards amount to a supervening act and are the sole cause of his injuries and subsequent death.

15.     The negligence of Bennie Edwards outweighs any negligence on the part of the City or its officers in the subject event.

16.     Plaintiffs have pled their entire Amended Complaint "hypothetically."

WHEREFORE, Defendant, City of Oklahoma City, having answered Plaintiffs' Amended Complaint, prayerfully requests that this Court grant it judgment against Plaintiff, its costs and attorney fees.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

Sherri R. Katz
Litigation Division Head

/s/ Katie Goff
Katie Goff, OBA# 32402
Richard N. Mann OBA# 11040
Thomas L. Tucker, OBA #20874
Assistant Municipal Counselors
200 N. Walker, 4th floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
richard.mann@okc.gov
thomasltucker@okc.gov
Attorneys for Defendant City

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2022, I electronically transmitted the attached Answer to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel B. Graves
W. Chad McLain
Rachel E. Gusman
GRAVES MCLAIN PLLC
4137 S. Harvard Ave., Suite F
Tulsa, OK 74135
dan@gravesmclain.com
chad@gravesmclain.com
Rachel@gravesmclain.com
Antonio M. Romanucci
Bhavani K. Raveendran
Ian P. Fallon
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654
aromanucci@rblaw.net
b.raveendran@rblaw.net
ifallon@rblaw.net
Ben Crump
BEN CRUMP LAW, PLLC
717 D Street N.W., Suite 310
Washington, DC 20004
ben@bencrump.com
*Attorneys for Plaintiffs*

Chris J. Collins, OBA No. 1800
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN  & WAGNER, PLLC
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
cjc@czwlaw.com
shf@czwlaw.com
*Attorneys for Defendants Duroy and Holman*

/s/ Katie Goff
Assistant Municipal Counselor

15